In the Matter of the Application of HENRY J. HAECKER and Others, Appellants, Stockholders in Behalf of Themselves and All Stockholders Named in the Petition, to Set · Aside the Election of Directors of SYLVAN ELECTRIC BATH, INC., Respondent.

Second Department, January 26, 1925.

**Corporations — directors — qualifications — certificate of incorporation provided that control of corporation should be in hands of common stockholders — by-laws provided that director must hold at least one share of capital stock — holder of share of preferred stock is eligible as director — promoters' agreement does not bind corporation.**

The holder of preferred stock of a corporation is eligible to act as director where the certificate of incorporation provides that the control of the corporation shall be in the hands of the holders of common stock but the by-laws provide that every director shall be a holder of at least one share of the capital stock of the corporation.

A provision in a promoters' agreement that a stockholder cannot sell his stock without first giving the other stockholders, who are parties to the agreement, an option to purchase, though binding between the signers of the agreement, in no way affects the corporation.

APPEAL by the petitioners, Henry J. Haecker and others, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 3d day of July, 1924, denying petitioners' motion to set aside the election of directors of Sylvan Electric Bath, Inc., held on February 20, 1924, to vacate the offices of directors elected at such election and to order a new election of directors of said corporation.

*Rudolph Marks*, for the appellants.

*Henry Weismann*, for the respondent.

Order affirmed, with ten dollars costs and disbursements, upon opinion of Mr. Justice CALLAGHAN at Special Term.

KELLY, P. J., RICH, JAYCOX, MANNING and KELBY, JJ., concur.

The following is the opinion of CALLAGHAN, J., at Special Term:

CALLAGHAN, J.:

This motion is for the purpose of having the election of two directors, elected at the last annual meeting of the corporations, set aside and declared null and void because of the alleged disqualifications of the directors to hold such position. Both directors are owners of the preferred capital stock of the company. The certificate of incorporation is silent as to the qualifications of directors, but pro-

vides that "the control and management of the said corporation is to be in the hands of the holders of the common stock," while the by-laws provide that "every director shall be a holder of at least one share of capital stock of the company."

By section 55 of the Stock Corporation Law * each director is required to be a stockholder, unless otherwise provided "in the certificate of incorporation, or in a by-law adopted by a stock-holders' meeting." The provision of the certificate of incorporation here is in no way in conflict with the by-law. The certificate provides that the management of the corporation is to be in the hands of the holders of the common stock. That means that the holders of the common stock only have the right to vote, but if they choose to vote for one eligible for the office of director, even though he be not a holder of common stock, such election is valid.

There is no question here about the directors whose office is questioned having a sufficient number of the votes of the holders of the common stock. It is within the power of the incorporators or the stockholders to make any reasonable provision governing the eligibility of directors. It might well be provided that the directors need not be the holders of either common or preferred stock. The matter of their eligibility is, by the statute, left entirely with the stockholders or the incorporators. If either body has the power to provide that a non-stockholder may be a director, I can see no objection to the provision that a holder of one share of the capital stock of the company may be a director.

Some emphasis is laid upon the fact that a promoters' agreement was entered into by a number of persons who afterward became the stockholders of this corporation. That agreement provided, among other things, that a stockholder could not sell his stock without first giving the other stockholders who were parties to that agreement an option to purchase. That agreement is good as between the parties, but it in no way affects the corporation. (*Matter of Argus Co.*, 138 N. Y. 557.) The directors whose eligibility is here complained of were regularly elected and qualified to hold the position to which they were elected, and the motion is for that reason denied.

---

* Formerly Stock Corp. Law, § 25, as amd. by Laws of 1918, chap. 267, and Laws of 1922, chap. 414.— [Rep.